Johnnie Buren COMPTON, Respondent,

v.

Worth Clark MEADOWS and William
J. Shreve, Appellants.

No. 48890.

Supreme Court of Missouri,

Division No. 1.

July 16, 1962.

Motion for Rehearing or for Transfer to
Court en Banc Denied Sept. 10, 1962.

William H. Sanders, Dean F. Arnold,
Walter F. Moudy and Caldwell, Blackwell,
Sanders & Matheny, Kansas City, for ap-
pellants.

Ben W. Swofford, Kansas City, and Wil-
liam C. Bland, Springfield, for respondent,
Swofford, Smith & Waisblum, Kansas City,
of counsel.

COIL, Commissioner.

Johnnie Compton, plaintiff below, was a
front-seat passenger in an automobile which
collided with defendants' oncoming truck.
He claimed $201,150 as damages for alleged
personal injuries. The jury returned a de-
fendants' verdict and the trial court granted
plaintiff a new trial for the stated reason
that it erred in giving instruction 13.

About 7:30 in the morning of June 30,
1957, Johnnie was on his way to work in

an automobile driven by his friend, Jesse Chaney. When the Chaney car had proceeded south on U. S. Highway 65 to a point a short distance south of 65's junction with state highway 76 in Taney County, it collided with a northbound, double-deck, flat-bed truck loaded with hogs. The collision occurred at or just south of the middle of a blind, sharp curve and on the east side of the road. The black-top highway was about 20 to 23 feet wide and was wet at the time of the accident. The automobile's right front struck the left side of the truck toward the front. Plaintiff's testimony was that a safe speed for driving that highway generally was 50 miles per hour and, for the particular curve when wet, 40 to 45 m. p. h.; that as Chaney approached he was driving 50 m. p. h. and slowed his car as he entered the curve; that as Chaney was negotiating the curve, traveling on his own right-hand (west) side of the highway, there suddenly appeared in front of them on their (west) side a northbound truck; that just before the collision he remembered that the Chaney automobile suddenly swerved to its left.

Chaney was killed and thus plaintiff and the defendants, occupants of the truck, were the only available eyewitnesses.

Defendants, employed in Kansas City banks, were returning from the State of Louisiana where, as a joint venture, they had purchased a truckload of hogs and were transporting them to a Kansas farm. Defendant Shreve, who was not driving, testified that as the truck proceeded northwardly into the curve it was on its right (east) side of the highway and was traveling about 20 or 30 m. p. h.; that he saw the Chaney automobile about 300 feet in front of the truck and as the car rounded the curve it "came on across" to their side of the road. The truck slowed and was turned to the right and the front of the automobile hit the left front of the truck. Defendant Meadows, who was driving the truck at the time of the accident, testified that as he approached the curve he was driving on his right side of the road at 25 to 30 m. p. h.; that he saw the Chaney automobile when it

was about 300 feet away and it was then on its wrong (east) side of the highway and was traveling "upward of 70" and it "seemed like it was hopping or bouncing along"; that he applied the brakes and pulled to the right and had reduced his speed to 10 or 15 m. p. h. at the time of the collision.

The collision occurred on the east side of the highway. While there was testimony adduced by both parties as to the marks made by both vehicles (defendants' evidence showed tire and skid marks made by the Chaney car about 100 feet long) the evidence was conflicting as to whether any of the truck's skid marks were west of the highway's center line and whether some of the tire marks attributed to the Chaney automobile were in fact made by another car at a prior time.

Plaintiff's recovery theory was that defendants negligently drove their truck on the wrong side of the highway in close proximity to Chaney's car and that Chaney justifiably swerved left to avoid a collision and that, apparently at the same time, defendants turned right and the collision occurred. The only negligence on which plaintiff sought to recover was that defendants allegedly drove their truck on the wrong side of the road immediately prior to the collision.

Defendants' instruction 12 told the jury that if defendants' truck was at all times east of the center line after the vehicles were in each other's view, their verdict must be for the defendants. Instruction 13 was: "The Court instructs the jury that if you find and believe from the evidence that the speed of the Chaney automobile on the curve mentioned in evidence caused said automobile to veer to the east side of the highway and to collide with defendants' truck, if so, then your verdict must be for defendants."

■ Defendants were entitled to negative plaintiff's recovery theory both by conversing plaintiff's submission of the

cause of the Chaney car going to the wrong side of the road as defendants did by instruction 12, and by hypothesizing facts which, if found to be true, would negative the cause of the accident as submitted by plaintiff. McCormick v. Kansas City, Mo., 262 S.W.2d 868, 872. Instruction 13 falls in the latter category in that it hypothesized speed as the cause of the Chaney car going to the east side of the highway, thus purporting to negative plaintiff's sole recovery theory that it was defendants' negligence in driving on the wrong side of the road which caused the Chaney car to go to the east side of the highway and into collision with the truck.

When the opposing theories are analyzed it appears that plaintiff intended to submit that the Chaney car went to the east side of the highway as the result of its being intentionally turned or swerved to avoid an apparent collision; while defendants intended to submit that the Chaney car went to the east side of the road solely because of its speed; that is, that the automobile was out of control to the extent that because of its speed the driver could not have prevented its going to the east side of the road.

 It seems to us that the trouble with instruction 13 is that the unqualified and unamplified submission that the "speed of the Chaney automobile on the curve mentioned in evidence caused said automobile to veer to the east side" does not clearly and effectively negative defendants' submitted negligence as a contributing cause. While we do not agree with plaintiff that instruction 13 is "in fact a sole cause instruction," we do agree that to clearly and, therefore, properly submit the issue it intended to submit under the facts and circumstances of this case it was essential that instruction 13 eliminate defendants' negligence as submitted by plaintiff as a concurring cause; and that such could be done, as in a sole cause instruction, by specifically negativing defendants' submitted negligence.

It is apparent that a jury would understand that instruction 13, considered in the light of 12, impliedly assumed that defendants' truck was being driven on the wrong side of the highway immediately before the collision. That must be true else there was no reason to have given instruction 13, for if the jury found that the truck was not driven on the wrong side of the road, it was directed to find for defendants by instruction 12. Consequently, it seems probable that the jury would understand that instruction 13 meant that even if the jury believed that defendants negligently drove their truck on the wrong side of the road immediately prior to the collision, nevertheless, if the jury also believed that the speed of the Chaney automobile caused it to "veer" to the east side of the highway, the jury was to find for defendants. Now, such a direction would be correct only if the jury understood that it had to find that "speed" was the sole cause of the collision in the sense that defendants' driving on the wrong side of the road was not a contributing cause.

There was no direct evidence in this case that the speed of the Chaney car alone caused it to "veer" to the east side of the highway, nor was there evidence which would indicate that the jury would understand that by finding the Chaney car "veered" it was finding that the speed was so great that the driver could not have avoided going to the east side of the road. As we have noted heretofore, one defendant testified that he could not estimate the speed of the Chaney car and it "just came on across to our side of the road" as it was negotiating the curve. The other defendant testified that when he saw the Chaney car about 300 feet away it was traveling fast, "upward of 70," and that it "looked like it was coming just hopping along like it was light on its feet, like it was kind of bouncing along," and that at that time it was on the east side of the highway. We do not mean to say that there was not sufficient evidence to justify an inference by the jury that the

**676**

Chaney car was going so fast that it could not negotiate the curve without going to the outside of the curve and onto the wrong side of the road. We have called attention to defendants' testimony to indicate that there was not before the jury any direct evidence of defendants' theory as submitted in instruction 13 that the Chaney car "veered" in the sense of being out of control or, as stated in appellants' brief, that the speed on the curve caused the automobile "to hop or skid across the center line and into collision with defendants' truck." The testimony as to "hopping along" and "bouncing along" was as to the Chaney car after it was on defendants' side of the road. The absence of such direct testimony is important only to demonstrate that the evidence in this case was not such that, because of it, we may say confidently that the jury understood from the unamplified submission of instruction 13 that prerequisite to a defendants' verdict it needed to find that defendants' negligence in driving on the wrong side of the road was not a contributing cause of the collision.

We are of the view that the instruction was fatally deficient because it did not eliminate clearly and effectively defendants' submitted negligence as a contributing cause of the accident.

■ It follows that the trial court correctly granted plaintiff a new trial for error in giving instruction 13. We need not rule plaintiff's additional contention that he was entitled to a new trial for the further reason that the court erred in giving instruction 14 on contributory negligence. Defendants will have an opportunity to consider that instruction in the light of plaintiff's attacks upon it prior to another trial. We do observe in passing, however, that the instruction should indicate clearly that plaintiff had an adequate opportunity to influence the situation for safety by requiring a finding that plaintiff had notice of impending danger in time for his warning or cautioning the driver to have been effective. See Boedeker v. Wright, Mo., 312 S.W.2d 829, 836, 837.

The trial court's order granting plaintiff a new trial is affirmed and the case is remanded.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.